UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARA E. ANDERSON,

    Plaintiff,

v.                                              Case No.: 6:20-cv-2393-WWB-GJK

JOHNSON & JOHNSON and
ETHICON, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 39). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("**R&R**," Doc. 51), in which he recommends that the Motion be granted in part and denied in part. Both parties filed objections to the R&R and responses to the opposing parties' objections. (Doc. Nos. 52, 53, 54). For the reasons set forth herein, the R&R will be adopted in full.

**I.   BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 51 at 2–5).

**II.  LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court

must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.  DISCUSSION

In the R&R, Magistrate Judge Kelly recommends that Counts III, V, VI, VII, VIII, IX, and X of Plaintiff's Second Amended Complaint be dismissed with leave to amend and that the Motion to Dismiss be denied in all other respects. Plaintiff generally objects to the R&R insofar as it recommends dismissal of the specified claims. However, Plaintiff fails to raise specific objections to the R&R and instead attempts to incorporate by reference arguments made in her Response in Opposition (Doc. 44) to the Motion to Dismiss, along with citations to non-binding authority with no colorable legal argument or analysis in support of her previously addressed arguments. (*See* Doc. 52 at 5–10). "[G]eneral objections, or objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review[] . . . because [such] consideration . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Godwin v. Comm'r of Soc. Sec.*, No. 8:16-cv-2258, 2017 WL 11113200, at *1 (M.D. Fla. Sept. 27, 2017) (quotations omitted). Plaintiff's arguments were considered and rejected

2

by the R&R, and the Court finds no clear error in the reasoning set forth in the R&R. Thus, Plaintiff's objection to the R&R is overruled.

Defendants object to the R&R's recommendation that Plaintiff's design defect claim (Count II) and her claims predicated in part on a design defect theory—negligence (Count I) and negligent infliction of emotional distress (Count XI)—not be dismissed. Defendants argue Plaintiff's design defect claims fail because there are no allegations linking Plaintiff's specific injuries to specific defects and that adopting the R&R would result in a conflict with the holding in *Sparks v. Medtronic, Inc.*, No. 8:20-cv-3074, 2021 WL 2649235, at *2 (M.D. Fla. June 28, 2021), and other non-binding authority. However, the Court agrees with the R&R that Florida law does not require the level of specificity Defendants demand at the pleading stage and is not persuaded to follow the non-binding authority offered by Defendants. *Dye v. Covidien, LP*, 470 F. Supp. 3d 1329, 1336 (S.D. Fla. 2020) ("[P]laintiff need not state in [her] complaint the precise defect that caused the product to malfunction . . . [but] need only place defendants on notice of the type of harm allegedly caused by the design defect." (quotations omitted)); *Merino v. Ethicon, Inc.*, No. 20-25308-CIV, 2021 WL 1749967, at *6 (S.D. Fla. May 4, 2021) ("[I]t would be unreasonable for the Court to require Plaintiff to plead exactly *how* the implanted [p]roduct is defective and *how* it caused [her] alleged injuries when Plaintiff has not yet been afforded discovery or the benefit of expert testimony." (quoting *Dye*, 470 F. Supp. 3d at 1336)). Therefore, Defendants' Objection is overruled.

## IV.   CONCLUSION

After a de novo review of the record, the Court agrees entirely with the analysis set forth in the R&R. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 52) and Defendants' Objection (Doc. 53) are **OVERRULED**.

2. The Report and Recommendation (Doc. 51) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendants' Motion to Dismiss (Doc. 39) is **GRANTED in part** and Counts III, V, VI, VII, VIII, IX, and X of the Second Amended Complaint (Doc. 34) are **DISMISSED without prejudice**. In all other respects, the Motion is **DENIED**.

4. On or before **November 18, 2021**, Plaintiff may file a third amended complaint to correct the deficiencies noted in the R&R and this Order.

**DONE AND ORDERED** in Orlando, Florida on November 4, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record